UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

WISCONSIN CARPENTERS PENSION FUND,
WISCONSIN CARPENTERS HEALTH FUND,
NORTHERN WISCONSIN REGIONAL COUNCIL
OF CARPENTERS VACATION FUND,
NORTHERN WISCONSIN CARPENTERS
APPRENTICESHIP & JOURNEYMAN TRAINING FUND,
LABOR MANAGEMENT COOPERATION TRUST FUND,
CONTRACT ADMINISTRATION FUND,
NORTHERN WISCONSIN REGIONAL
COUNCIL OF CARPENTERS, and
BRIAN GENTRY,

WISCONSIN LABORERS HEALTH FUND,
WISCONSIN LABORERS PENSION FUND,
WISCONSIN LABORERS VACATION FUND
f/k/a KENOSHA LABORERS LOCAL 237
VACATION FUND, WISCONSIN LABORERS
LECET FUND, WISCONSIN LABORERS
DISTRICT COUNCIL,
and MICHAEL R. RYAN,

KENOSHA BUILDING & CONSTRUCTION
TRADES HEALTH FUND, and
KENOSHA LABORERS LOCAL 237
PENSION FUND,

                                 **Plaintiffs,**

v.

                                 **Case No. 06-C-0550**

JOKIPII DEMOLITION LLC,
LARRY J. JOKIPII, and
MARY JOKIPII,

                                 **Defendants.**

## DECISION AND ORDER

## BACKGROUND

The above-listed Plaintiff employee benefit funds, labor organizations and their trustees commenced this action on May 5, 2006, to collect unpaid fringe benefit contributions from Defendants Jokipii Demolition LLC ("Jokipii LLC"), Larry J. Jokipii ("Larry")[1] and Mary Jokipii ("Mary") (collectively the "Defendants"). The complaint claims that the Defendants failure to pay fringe benefit payments as required under certain collective bargaining agreements, trust plans, and trust agreements violated the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185; the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1132; and the Wisconsin common law. (Compl. ¶ 1.) Invoking this Court's supplemental jurisdiction,[2] the complaint also includes claims against Larry, as the owner and an agent of Jokipii LLC, and Mary, as an agent of Jokipii LLC, for misappropriation of trust funds in violation of Section 779.02(5) of the Wisconsin Statutes.

Upon application by the Plaintiffs, default was entered by the Clerk of Court on June 13, 2006, as to each Defendant. Subsequently, on July 28, 2006, the Court entered orders for default judgment against the Defendants and the Clerk of Court entered judgments against each Defendant. Judgment was entered against Mary in the amount of $62,117.54 together with interest at the rate allowed by law.

---

[1] The Court's usual practice is to refer to natural persons by their surnames. However, to distinguish between Larry and Mary Jokipii, the Court refers to them by their given names.

[2] The complaint refers to ancillary jurisdiction. (*See* Compl. ¶ 2.) However, ancillary jurisdiction was superceded by supplemental jurisdiction for actions commenced after December 1, 1990. *See* 28 U.S.C. § 1367, *Historical and Statutory Notes*.

## *MOTION TO REOPEN DEFAULT*

Mary seeks to reopen the default judgment against her and to dismiss the action against her and vacate the judgment against her. The Plaintiffs oppose the motion. The time has passed for the filing of any reply by Mary.

Mary does not identify the rule pursuant to which she brings her motion. *See* Civil L.R. 7.1(a) (E.D. Wis.)(stating "Every motion **must** set forth the rule pursuant to which it is made.") (emphasis added). Citation of the pertinent rule is required so that the movant presents information relevant to the relief sought, frames legal arguments properly, and provides a framework for response and analysis.

Despite the missing citation, because Mary's motion follows the entry of default judgment, Rule 60(b) of the Federal Rules of Civil Procedure applies. *See Pretzel & Stouffer, Chartered v. Imperial Adjusters, Inc.*, 28 F.3d 42, 45 (7th Cir. 1994) (A request to vacate a default judgment is controlled by Rule 60(b).) The requirements that must be met under Rule 60(b) to set aside a default judgment are the same as those of Rule 55(c), but they are more strictly applied. *O'Brien v. R. J. O'Brien & Assoc., Inc.*, 998 F.2d 1394, 1401 (7th Cir. 1993) (quoting *United States v. Di Mucci*, 879 F.2d 1488, 1495 (7th Cir. 1989)).

Federal Rule of Civil Procedure 55(c) provides: "For good cause shown, the court may set aside an entry of default and, if judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)." Recently, discussing this provision, the appeals court stated that the "good cause" refers to "good cause" for the judicial action, not "good cause" for the defendant's error. *See Sims v. EGA Prods.*, 475 F.3d 865, 868 (7th Cir. 2007). *Sims* does not discuss the well-established case law in this circuit that to obtain "the

vacation of a default order under Rule 55(c), the defendant must show: '(1) good cause for its default, (2) quick action to correct it, and (3) a meritorious defense to the plaintiff's complaint.'" *See O'Brien*, 998 F.2d at 1401 (citing *Di Mucci*, 879 F.2d at 1495.)[3]

The appeals court has explained that the defaulting party must show good cause for its default or the default order will not be vacated. *Pretzel & Stouffer*, 28 F.3d at 45. The "good cause" prong of the test to obtain vacation of a default order "focuses on the litigant's conduct preceding the entry of default." *Jones v. Phipps*, 39 F.3d 158, 165 (7th Cir. 1994). "Excusable neglect" can serve as a basis for the default. *See Robb v. Norfolk & W. Ry. Co.*, 122 F.3d 354, 359 (7th Cir. 1997); *Calumet Lumber, Inc. v. Mid-Am. Indus, Inc*., 103 F.3d 612, 614 (7th Cir. 1997).

The "willfulness" of the defaulting party's action should also be considered. *See Anilina Fabrique de Colorants v. Aakash Chem. & Dyestuffs, Inc.*, 856 F. 2d 873, 879 (7th Cir. 1988); *Passarella v. Hilton Int'l Co.*, 810 F.2d 674, 675-76 (7th Cir. 1987). Although traditionally default judgments were strongly disfavored, courts are moving away from the traditional position. *O'Brien*, 998 F.2d at 1401; *see also, Dimmitt & Owens Fin., Inc. v. United States*, 787 F.2d 1186, 1192 (7th Cir. 1986). "Parties seeking to set aside default judgments face a formidable task." *Zuelzke Tool & Eng'g Co. v. Anderson Die Castings, Inc.*, 925 F.2d 226, 229 (7th Cir. 1991).

---

[3]The Court notes its difficulty reconciling the two viewpoints of "good cause." But, regardless of whether the Court must find "good cause" for its action or whether the defaulting party must establish "good cause" for its inaction prior to the default, the outcome in **this** case would not be changed.

*Quick Action*

With respect to "quick action," Rule 60(b) provides that a motion for relief from a judgment by reason of mistake, inadvertence, surprise or excusable neglect, "shall be made within a reasonable time," but "not more than one year after the judgment, order or proceeding was entered or taken." Fed. R. Civ. P. 60(b). Default was entered by the Clerk of Court on June 13, 2006. The Court issued its order for default judgment on July 28, 2006, and the default judgment was entered by the Clerk of Court on July 28, 2006. "[W]hat constitutes "reasonable time" for a filing under Rule 60(b) depends on the facts of each case." *Ingram v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 371 F.3d 950, 952 (7th Cir. 2004). Although "[t]here is no hard and fast rule as to how much time is reasonable for the filing of a Rule 60(b)(6) motion," courts look at "the interest in finality, the reasons for the delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and the consideration of prejudice, if any, to other parties." *Kagan v. Caterpillar Tractor Co.*, 795 F.2d 601, 610 (7th Cir. 1986) (internal citations omitted).

Mary took no action until December 13, 2006 – six months after default was entered and more than four months after the default judgment was entered. Except for stating that she was unable to afford counsel, Mary's bare bones motion does not explain the reason for the delay. While Mary has not provided a basis for this Court to conclude her action was "quick," the delay was less than the one year allowed by the rule.

*Good Cause*

With respect to good cause, Mary's motion, which relies upon her affidavit,[4] states that she was unable to afford an attorney and consequently received no advice or representation by counsel until December of 2006. Mary does not further elaborate. However, there is no indication that her default was wilful — it was due to a lack of assets to obtain representation.

One district court within this circuit found that the lack of financial resources to obtain representation may constitute good cause to vacate a default. *See Allen Russell Pub., Inc. v. Levy*, 109 F.R.D. 315, 317 (N.D. Ill. 1985).[5] The defaulting party provided an affidavit informing the court that it had contacted three law firms about representation, and that two firms had declined based on conflicts of interest and one firm could not represent the party at anything other than at a cost which would have been prohibitive. *Id*. The affidavit further informed the court that, at the time, the defaulting party had funds of no more than a few hundred dollars and had no expectation of getting any more funds. *Id*. Thereafter, one of the law firms which had claimed a conflict of interest informed the defaulting party that the conflict no longer existed and it would be willing to provide legal representation. *Id*.

---

[4] Paragraph eight of Mary's affidavit is incomplete. It contains one sentence and the phase "hire a lawyer for advice or representation in this matter." (Mary Aff. ¶ 8.) The Court has evaluated Mary's motion based on the statement in paragraph eight of her motion. (Mot. Reopen Case ¶ 8.)

[5] The Court recognizes that the decision of a parallel trial court lacks precedential authority, but due to the scarcity of opinions addressing analogous situations, *Levy* is helpful. (*Levy* considered *Daly v. Stratton,* 304 F.2d 666 (7th Cir. 1962) and *McKnight v. United States Steel Corp*, 726 F.2d 333,338 (7th Cir. 1984)). This Court also considered *Barry Howard & Associates, Inc. v. Indiana Transportation Museum*, 125 F.R.D. 487, 489-91 (S.D. Ind. 1989), addressing a motion to vacate default judgment and distinguishing *Levy*.

In this case, Mary simply states that she could not afford counsel. She does not provide any additional details regarding her financial situation, what enabled her to obtain counsel in December 2006, or her prior efforts to obtain representation. She has made a lesser showing than made in *Levy*.

However, *Levy* was decided in 1985. The Supreme Court's 1993 decision in *Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership*, 507 U.S. 380 (1993) effected a change in the relevant legal landscape. *Pioneer* emphasizes the equitable nature of a court's "excusable neglect" determination and clarifies that "excusable neglect" may "encompass situations in which the failure to comply with a filing deadline is attributable to negligence." *Id.* at 394. *Pioneer* holds that "for purposes of Rule 60(b), 'excusable neglect' is understood to encompass situations in which the failure to comply with a filing deadline is attributable to negligence." *Id*. *Pioneer* states that the determination of what amounts to "excusable neglect" under Rule 60(b) is:

> at bottom an equitable one, taking account of all the relevant circumstances surrounding the party's omission. These include . . . the danger of prejudice to the [non-movant], the length of the delay and its potential impact on judicial proceedings, the reasons for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted within good faith.

*Id*. at 395.

Despite Mary's lack of assets, her conduct upon receiving the legal documents in this action is rightly characterized as negligent. But, is her negligence excusable? The Plaintiffs do not contend that they will be prejudiced. The delay and its potential impact on judicial proceedings are not a significant factor. There is no indication that the lack of funds

to hire an attorney was within Mary's reasonable control. There is also no evidence that Mary did not act in good faith. Thus, under the liberalized excusable neglect standard, the Court finds "good cause" to vacate the default judgment.

*Meritorious Defenses*

Mary maintains that she is not liable under the Wisconsin theft by contractor's statute because she was only an employee of Jokipii LLC and she has no ownership interest in the business. Mary has set forth a potentially meritorious defense. *See Phipps*, 39 F.3d at 165 (holding that a "meritorious defense is not necessarily one which must, beyond a doubt, succeed in defeating a default judgment, but rather one which at least raises a serious question regarding the propriety of a default judgment and which is supported by a developed legal and factual basis").

Based on the foregoing, in the exercise of its discretion, the Court grants Mary's motion to reopen the case (Docket No. 37). The Court's order for entry of judgment against Mary (Docket No. 31) and the default judgment against Mary (Docket No. 32) are vacated. Mary may file an answer or other responsive pleading by May 25, 2007.

***COURT'S REOPENING OF ORDERS FOR JUDGMENT AND JUDGMENTS***

In considering Mary's motion, the Court has noticed an error in the orders for judgment and judgments. The Court included Steve Reimer ("Reimer") as a plaintiff on the orders for judgment and judgments and awarded him relief against the Defendants.

When a default judgment is entered against a defendant, the facts alleged in the complaint are deemed true. *Black v. Lane*, 22 F.3d 1395, 1402 (7th Cir. 1994). Reimer is listed as a plaintiff in the caption of the complaint. But, the body of the complaint is devoid

of any factual allegations about Reimer; there are no facts before the Court upon which Reimer is entitled to relief from the Defendants. *See e.g. id.* at 1401 n. 1. The inclusion of Reimer as a judgment plaintiff was an error.

Rule 60(a) provides relief from final judgments "infected" by clerical error. *See Wesco Prod. Co. v. Alloy Auto. Co.*, 880 F.2d 981, 983 (7th Cir. 1989). Rule 60(b) contains five clauses setting forth specific grounds for relief as well as a final catch-all clause in Rule 60(b)(6). *Id.* Motions to correct clerical errors which seek changes that "implement the result intended by the court at the time the order was entered" are proper under Rule 60(a). *Id.* at 984. However, another avenue must be used if the motion seeks changes that "alter the original legal meaning to correct a legal or factual error." *Id.*

In this instance, the Court ordered judgment and entry of judgment in favor of 17 plaintiffs, including Reimer. However, it erred because the complaint does not include any factual basis upon which Reimer is entitled to relief. The error arguably is a clerical one because the Court did not intend to award relief without any factual basis for the relief. *See id.*; *see also Wallace v. Mulholland*, 957 F.2d 333, 335 (7th Cir. 1992) (mistake in stating compensatory damage award against wrong officer could be corrected under Rule 60(a)). Alternatively, the error falls within the scope of a mistake which may be corrected under under Rule 60(b)(1). Both provisions provide authority for the correction.

Therefore, the Court *sua sponte* vacates those portions of its prior orders against Jokipii LLC and Larry which direct the entry of judgments in favor of Reimer and directs that the Clerk of Court enter amended judgments against Jokipii LLC and Larry which do not

include his name in the caption and do not afford any relief to Reimer. The Court has also amended the case caption to delete Reimer's name since he is not a party to this action.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

Mary's motion to reopen case, dismiss, vacate judgment (Docket No. 37) is **GRANTED as** follows the Court's order for judgment against Mary (Docket No. 31) and the judgment against Mary (Docket No. 32) are **VACATED**.

Mary **MAY** file an answer or other responsive pleading on or before **May 25, 2007**.

The caption and docket in this action are **CORRECTED** to delete Reimer's name.

The portions of the Court's prior orders directing that entry of judgment in favor of Reimer against Jokipii LLC and Larry (Docket Nos. 33 & 35) are **VACATED**. In all other respects those orders for judgment remain in full force and effect.

The Clerk of Court **SHALL** enter amended judgments against Jokipii LLC and Larry which do not include Reimer in their caption and do not award him any relief.

Dated at Milwaukee, Wisconsin this 2nd day of May, 2007.

> **BY THE COURT**
>
> s/ Rudolph T. Randa
> **Hon. Rudolph T. Randa**
> **Chief Judge**