UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

WISCONSIN CARPENTERS PENSION FUND,
WISCONSIN CARPENTERS HEALTH FUND,
NORTHERN WISCONSIN REGIONAL COUNCIL
OF CARPENTERS VACATION FUND,
NORTHERN WISCONSIN CARPENTERS
APPRENTICESHIP & JOURNEYMAN TRAINING FUND,
LABOR MANAGEMENT COOPERATION TRUST FUND,
CONTRACT ADMINISTRATION FUND,
NORTHERN WISCONSIN REGIONAL
COUNCIL OF CARPENTERS, and
BRIAN GENTRY,

WISCONSIN LABORERS HEALTH FUND,
WISCONSIN LABORERS PENSION FUND,
WISCONSIN LABORERS VACATION FUND
f/k/a KENOSHA LABORERS LOCAL 237
VACATION FUND, WISCONSIN LABORERS
LECET FUND, WISCONSIN LABORERS
DISTRICT COUNCIL,
and MICHAEL R. RYAN,

KENOSHA BUILDING & CONSTRUCTION
TRADES HEALTH FUND, and
KENOSHA LABORERS LOCAL 237
PENSION FUND,

                                                     Plaintiffs,

   v.

                                                     Case No. 06-C-0550

JOKIPII DEMOLITION LLC,
LARRY J. JOKIPII, and
MARY JOKIPII,

                                                     Defendants.

## DECISION AND ORDER

On May 2, 2007, this Court granted a motion brought by Defendant Mary Jokipii ("Mary")[1] to the extent that the Court reopened the case, and vacated the Court's order to enter judgment and default judgment against Mary. The Court also allowed Mary until May 25, 2007, to file an answer or other responsive pleading. Mary filed an "answer of Mary Jokipii and motion to dismiss." She filed the same document twice. (Docket Nos. 46 & 47.) The second docket entry describes the document as a motion to dismiss. (*See* Docket No. 47.) The Plaintiffs oppose the motion. The motion is addressed herein.

>Civil Local Rule 7.1 (E.D. Wis.) provides:
>
>Every motion must set forth the rule pursuant to which it is made and, except for those brought under Civil L.R. 7.4 (Expedited Non-Dispositive Motion Practice), must be accompanied by (1) a supporting brief and, when necessary, affidavits or other documents, or (2) a certificate of counsel stating that no brief or other supporting documents will be filed. If the movant fails to comply with either (1) or (2) above, the Court may deny the motion as a matter of course.

Mary's "motion" does not cite any Federal Rule of Civil Procedure, and is neither accompanied by a brief or any other document nor a certificate of counsel stating that none will be filed. The Court could simply deny the motion outright for failure to comply with Civil Local Rule 7.1.

>The entire motion to dismiss reads:
>
>Mary Jokipii moves the Court for an Order vacating the judgment against her on the ground that as a clerical employee who

---

[1] In this action, to distinguish between Defendants Larry and Mary Jokipii, the Court has departed from its usual practice of referring to natural persons by their surnames and, instead, refers to them by their given names.

2

> exercised no authority over the disposition of any funds received by her employer, she does [sic] bear any actual, personal, or vicarious responsibility for the wrongful acts alleged in the Complaint.

The only portion of the motion referencing dismissal is the caption. The relief sought in the body of the motion — vacation of the judgment — has been granted. It is not the role of this Court to construct arguments for counsel. For the foregoing reasons, Mary's motion to dismiss is denied.

At this juncture, the case is ready for a telephone scheduling conference pursuant to Rule 16 of the Federal Rules of Civil Procedure. The Court will conduct the conference on January 9, 2008, at 9:30 a.m. The Court will initiate the call.

The purpose of the conference call will be to establish a Scheduling Order which will limit the time to:

1. join other parties and to amend the pleadings;

2. file and hear motions;

3. complete discovery; and

4. disclose experts.

The Scheduling order may also include:

5. the date or dates for subsequent Rule 16 conferences, a final pretrial conference and trial; and,

6. any other matters appropriate in the circumstances of the case.

The time limitations set forth in the Scheduling Order shall not be modified except upon showing of good cause and by leave of the Court. Fed. R. Civ. P. 16(b)(6).

Special attention should be given to Rule 26(f), which requires the parties to conduct a settlement/discovery conference at least 21 days prior to the scheduling conference. The Rule 26(f) conference may be conducted by telephone. Rule 26 also mandates that the parties, within 14 days of their conference: (1) file a written report outlining the proposed discovery plan they have developed at their Rule 26(f) conference; and (2) make the required initial disclosures under Rule 26(a) regarding witnesses and documents. In addition to the matters specified in subsections (1) through (4) of Rule 26(f), the Court requests that the proposed discovery plan submitted by the parties include a very brief statement of the nature of the case, lasting no more than several sentences.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

1. Mary's motion to dismiss (Docket No 47) is **DENIED**.

2. The parties **SHALL** participate in a telephone scheduling conference which the Court will conduct on **January 9, 2008, at 9:30 a.m.** The Court will initiate the call.

3. Prior to such conference, the parties **SHALL** also comply with the requirements of Rule 26 of the Federal Rules of Civil Procedure as outlined above.

Dated at Milwaukee, Wisconsin this 6th day of November, 2007.

**BY THE COURT**

s/ Rudolph T. Randa
**Hon. Rudolph T. Randa**
**Chief Judge**